IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

HI-TECH ROCKFALL CONSTRUCTION, INC., an Oregon corporation

Plaintiff,

vs.

COUNTY OF MAUI, a Hawaii Municipal Corporation and JANOD, INC., a Foreign Profit Corporation,

Defendants.

CV. NO. 08-00081 DAE-LEK

ORDER DENYING DEFENDANT COUNTY OF MAUI'S MOTION TO DISMISS COMPLAINT FILED ON FEBRUARY 22, 2008

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant County of Maui's motion and the supporting and opposing memoranda, the Court DENIES Defendant County of Maui's Motion to Dismiss Complaint Filed on February 22, 2008.

## BACKGROUND

On October 15, 2006, there was an earthquake which measured 6.7 on the Richter scale and caused extensive damage in the State of Hawaii, including the

closure of a portion of the Hana Highway on the island of Maui due to falling rocks. That same day Governor Linda Lingle issued a proclamation declaring a major disaster for the State of Hawaii, and authorized an emergency disaster fund and suspended the application of several State statutes, including Hawaii's procurement code, Hawaii Revised Statute Chapter 103D. President Bush declared a major disaster under the Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §§ 5121-5206 (the "Stafford Act"). President Bush authorized federal relief and recovery assistance and stated that the Federal Emergency Management Agency ("FEMA") would coordinate the federal assistance.

Defendant County of Maui (the "County") sent out requests for bids for the Kalepa-Alelele Rockfall Protection, Job. No. 06-66 (the "Project"). This Project was one of several projects designed to make the Hana Highway safe so that it could be reopened. The Project entails removing loose rock from the hilllside above the Hana Highway and installing ring net systems to control rock and debris from falling onto the road. The bidding materials for the Project did not include certain provisions of the Buy American Act, 41 U.S.C. § 10a et seq. The bidding materials stated that the Buy American provisions of the Surface Transportation Assistance Act did not apply to the Project.

Plaintiff HI-TECH Rockfall Construction, Inc. ("HI-TECH") and Defendant Janod, Inc. ("Janod") made bids for the Project. HI-TECH bid $8,952,850, and Janod bid $5,600,000. The difference in the amounts of the bids is mostly due to the fact that Janod intends to install a temporary ring net system that would be removed after the Project was complete, whereas HI-TECH's bid includes using netting that would be permanently installed.

Janod previously stated that because it stockpiles ring net systems that can be reused, it can pass on a substantial cost savings for this Project. The nets used by Janod are manufactured in Italy. Janod stockpiles the ring nets in the United States for use in emergency situations such as this and its nets are removable and reusable at other emergency sites. There is only one company in the United States that manufactures ring netting. That netting, however, cannot be removed and reused, and takes at least four months to manufacture and ship. That netting is more costly than the netting used by Janod and remains in place as a permanent fixture.

The County of Maui and Janod state that the ring net system for this Project will not be permanently installed or incorporated as part of the rock stabilization work. Janod states that it is required to remove the nets at the end of the Project. The County states that once the scaling of the hillside is complete, the

netting will be removed, and the natural rock face of the hillside, which has been modified to protect against future rock falls, will be exposed.

HI-TECH argues that if the ring net system is a temporary measure and not permanent, it makes no sense that the County require, as it has, that the system be painted, PVC coated, and use stainless steel rings. HI-TECH argues that the County has mischaracterized the ring net system as temporary as a way to avoid application of the Buy American Act. If the ring net was permanent, the Buy American Act would apply. HI-TECH also argues that the Project specifications were written for Janod in particular since everyone knows that only Janod has such nets readily available and since Janod uses Golder & Associates for many of its projects and Golder & Associates had input into the specifications for the Project.

On February 1, 2008, prior to submitting its bid, HI-TECH informed the County of its arguments about the alleged deficiency of the bidding materials and the alleged conflict and favor of Janod. HI-TECH filed a formal protest of the invitation for bids on February 6, 2008, with the County. Due to the urgency of getting the road reopened, the County decided not to delay the bidding process and denied HI-TECH's protest. HI-TECH filed an appeal of the denial with the State Department of Commerce and Consumer Affairs ("DCCA") on February 27, 2008.

While its appeal was pending with the DCCA, and because HI-TECH believed that the County was about to award the contract to Janod, allegedly in violation of the Buy American Act, HI-TECH filed the instant lawsuit in this Court on February 22, 2008, and simultaneously filed a motion for a temporary restraining order. A hearing was held on February 26, 2008, during which the County stated that it would award the contract to Janod within the next several days. Based on the limited record at that time, it appeared that the Buy American Act applied to the bid and that it had not been followed. The County argued that even if the Buy American Act applied, there was an exception for unreasonable cost and that Janod was the low bidder even after increasing its bid by a certain factor. Therefore, the County argued, it was appropriate to award the contract to Janod. Due to the limited time to prepare for the TRO hearing, the County was unable to cite the provisions of the Buy American Act that set forth the percentage increase factor. This Court, therefore, granted the motion for temporary restraining order, set the hearing for the preliminary injunction motion within ten business days, and set an expedited briefing schedule.

At the preliminary injunction hearing, HI-TECH maintained that the County of Maui was illegally trying to avoid the application of the Buy American Act by listing the ring netting as temporary. HI-TECH argued that the installation

should be listed as permanent and that, because the Project has a substantial portion of its funding from the Stafford Act, the Buy American Act applies. The County has violated the Buy American Act, HI-TECH argues, by soliciting bids and failing to include in the solicitation materials that the Buy American Act applies and include certain provisions relating to the Buy American Act. HI-TECH also argues that the solicitation gives Janod an unfair advantage in the bidding process. HI-TECH seeks: 1) injunctive relief to prevent the County from awarding or executing any contract with Janod; 2) a declaratory judgment that the Project is required to comply with the Buy American Act and that Janod may not bid on this Project because of its alleged conflict of interest; and that HI-TECH, as only remaining bidder, should be awarded contract; and 3) damages for its bid preparation costs and attorney's fees and costs.

On March 11, 2007, this Court issued an order denying the HI-TECH's request for a preliminary injunction and dissolving the temporary retraining order. (Doc. # 40.) This Court found that it had jurisdiction based upon diversity of the parties and the amount in controversy. This Court also found that HI-TECH was unlikely to succeed on the merits of its Buy American Act claim for the following reasons: (1) no federal monies had yet been obligated or promised; (2) the ring netting appeared to be temporary and not permanent and therefore was not being

purchased; (3) HI-TECH had not established that there was no rational basis for the procurement officials' determination that the Buy American Act did not apply; (4) it appeared that the unreasonable cost exception to the Buy American Act would apply, allowing the award to Janod because after applying even the largest adjustment to Janod's bid, Janod remained the low bidder by over $2,000,000; and (5) HI-TECH had not shown that it was prejudiced by allegedly deficient bidding materials because it had not explained how its bid could have been the low bid had the County of Maui applied and complied with the Buy American Act. This Court further found that HI-TECH was unlikely to succeed on its claim that there was conflict of interest or favor shown to Janod because HI-TECH had failed to cite to a specific statute, regulation, or other law pursuant to which it was making such a claim.

After this Court's denial of the preliminary injunction, HI-TECH filed a motion to stay the administrative proceedings with the DCCA and the County of Maui filed a motion to dismiss the administrative proceedings with the DCCA. On May 5, 2008, the DCCA granted the County of Maui's motion to dismiss and denied HI-TECH's motion to stay. The hearings officer found that the Governor's suspension of the application of the procurement code, Hawaii Revised Statute Chapter 103D, removed HI-TECH's protest from the jurisdiction and authority of

the hearings officer. Because there was no longer an applicable statutory vehicle providing an appeal right to the DCCA, and because the DCCA is a tribunal of limited jurisdiction, the hearings officer lacked the legal authority to hear the appeal or stay the administrative proceedings.

On March 31, 2008, the County of Maui filed the instant motion to dismiss. (Doc. # 43.) The County of Maui argues that the Complaint fails to state a claim for the alleged conflict of interest and favor to Janod, and that the Buy American Act does not apply to the Project, and therefore this Court does not have jurisdiction. HI-TECH filed its opposition on April 24, 2008, and County of Maui field a reply on May 1, 2008.

## STANDARD OF REVIEW

Defendant Janod has filed an answer to HI-TECH's Complaint, but Defendant County of Maui has not filed its answer. HI-TECH and County of Maui stipulated that County of Maui had until March 31, 2008, to answer or otherwise plead to HI-TECH's Complaint. Instead of filing an answer, County of Maui filed the instant Motion to Dismiss on March 31, 2008. County of Maui titles its motion a motion to dismiss, but states several times that it has brought its motion pursuant to Federal Rule of Civil Procedure 12(c), in addition to Rule 12(b)(1). Rule 12(c) of the Federal Rules of Civil Procedure is entitled a motion for judgment on the

pleadings and is to be used for motions made after the pleadings are closed. As the pleadings in this case have not been closed, however, Rule 12(b)(1) is the proper rule to apply to the instant motion, not Rule 12(c).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), County of Maui may request this Court to dismiss the Complaint based upon lack of subject matter jurisdiction. In a motion to dismiss for lack of the subject matter jurisdiction the plaintiff bears the initial burden of proving that subject matter jurisdiction exists. Prescott v. United States, 973 F.2d 696, 701 (9th Cir. 1992). A Rule 12(b)(1) motion to dismiss "for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs., 594 F.2d 730, 733 (9th Cir. 1979). County of Maui has made a speaking motion, making a factual attack on the subject matter jurisdiction and has attached several exhibits to its motion. In resolving a "speaking motion" or attack on the facts, a court may consider attached exhibits and weigh evidence to determine whether it has jurisdiction, as long as the jurisdictional facts are not intertwined with the merits. Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987).

> However, if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. See id. Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact.

Id. Where the "jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment." Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005) (quoting Rosales, 824 F.2d at 803).

The summary judgment standard under Federal Rule of Civil Procedure 56(c) requires this Court to view the evidence in the light most favorable to the nonmoving party (HI-TECH). "The court must not weigh the evidence or determine the truth of the matters asserted but must only determine whether there is a genuine issue for trial." Autery, 424 F.3d at 956 (quotation and citation omitted).

DISCUSSION

The County of Maui argues that this Court does not have subject matter jurisdiction because the Buy American Act does not apply and there is no

legal basis for HI-TECH's claim of conflict or favor. The County of Maui argues that the Buy American Act does not apply because the ring netting to be used in the Project is temporary, and thus is not being purchased by the County, and because FEMA funds have not been promised.

This Court, however, has already found that diversity jurisdiction exists. Therefore, this Court could retain jurisdiction of this case regardless of the presence of the Buy American Act claim. In addition, the facts relied upon by the County of Maui for its federal question jurisdiction argument are the same facts that will determine the merits of this case. Indeed, HI-TECH argues that the County of Maui's solicitation documents were inadequate because the Buy American Act did apply and the County allegedly failed to comply with the Act's various requirements. Accordingly, even if these facts were jurisdictional in this case, they are clearly intertwined with the merits of this lawsuit.

Furthermore, the exhibits used to establish the County of Maui's statements that the ring netting is temporary and that FEMA funds have not been allocated are disputed documents. HI-TECH states that it desires to conduct discovery into these two issues. Indeed, after the briefing on this motion was complete, the Honolulu Advertiser reported on May 13, 2008, that United States

Senator Daniel Inouye announced that FEMA granted $1.1 million to repair the earthquake damaged highway on Maui. Although this article is not evidence before this Court and although it may or may not pertain to the Project at issue in this case, the article further demonstrates that there are material issues of fact in this case, such as the promise of federal funds, which go to the merits of HI-TECH's claims. As such, those issues are not appropriate for determination via a motion to dismiss.

Accordingly, this Court must apply the summary judgment standard of review to determine the County of Maui's motion to dismiss. The County of Maui, however, did not comply with the Local Rules and Federal Rules of Civil Procedure with respect to filing a summary judgment motion. In addition, HI-TECH has stated that it requires time pursuant to Rule 56(f) to conduct discovery regarding the "temporary" nature of the ring netting, the value of the alleged foreign anchors, and the status of FEMA funding. For these reasons, it would be inappropriate for this Court to grant the County of Maui's motion to dismiss. It is therefore denied.

CONCLUSION

For the reasons stated above, the Court DENIES Defendant County of Maui's Motion to Dismiss Complaint Filed on February 22, 2008.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 14, 2008.




David Alan Ezra
United States District Judge

HI-TECH Rockfall Construction v. County of Maui, et al., CV No. 08-00081 DAE-LEK; ORDER DENYING DEFENDANT COUNTY OF MAUI'S MOTION TO DISMISS COMPLAINT FILED ON FEBRUARY 22, 2008