IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HI-TECH ROCKFALL | ) | CV 08-00081 DAE-LEK |
| CONSTRUCTION, INC., an Oregon | ) | |
| corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF MAUI, a Hawaii | ) | |
| Municipal corporation and | ) | |
| JANOD, INC., a Foreign | ) | |
| Property Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Before the Court is Plaintiff HI-TECH Rockfall
Construction, Inc.'s ("HI-TECH") Motion for Leave to File Second
Amended Complaint ("Motion"), filed on May 6, 2008.  Defendant
County of Maui ("the County") and Defendant Janod, Inc. ("Janod")
each filed its memorandum in opposition on May 29, 2008 and HI-
TECH filed its reply on June 5, 2008.  This matter came on for
hearing on June 16, 2008.  Appearing on behalf of HI-TECH were
Lyle Ishida, Esq., and, by telephone, John Brandach, Sr., Esq.
Madelyn D'Enbeau, Esq., and Jane Lovell, Esq., appeared on behalf
of the County, and Paul Grable, Esq., appeared on behalf of
Janod.  After careful consideration of the Motion, supporting and
opposing memoranda, and the arguments of counsel, HI-TECH's
Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the

reasons set forth below.

## **BACKGROUND**

The instant case arises from a dispute over bidding on a contract with the County.  The County solicited bids relating to a rockwall protection project, known as "Kalepa-Alelele Rockfall Protection, Job No. 06-66" ("the Solicitation" and "the Project").  The parties assert that the Project was necessary because of damage that occurred as a result of the October 15, 2006 earthquake and resulted in the closure of a portion of the Hana Highway.  HI-TECH argues that the Solicitation is subject to the Buy American Act, 41 U.S.C. § 10a, *et seq.*, because a substantial portion of the funding for the Project is federal disaster relief funds pursuant to the Stafford Act, 42 U.S.C. § 5131, *et seq.*, as amended by the Disaster Mitigation Act of 2000, PL 106-390, Section 306, at Section 5206.  According to HI-TECH, the Solicitation erroneously states that it is not subject to the Buy American Act.

On or about February 6, 2008, HI-TECH lodged a protest of the Solicitation with the County Finance Director.  The County received bids pursuant to the Solicitation on February 8, 2008.  Janod bid $5,600,000 and HI-TECH bid $8,952,850.  On February 13, 2008, HI-TECH supplemented its protest to object to the award of the contract to any party but HI-TECH.  The County denied HI-TECH's protest on February 20, 2008.

2

HI-TECH filed the instant action on February 22, 2008.[1] HI-TECH argues that the Solicitation and any award of the contract to a party other than HI-TECH are invalid because, *inter alia*: the Solicitation does not comply with the Buy American Act; Janod had a conflict of interest because it was a consultant to the County in the planning, design and issuance of the Solicitation; and the County did not properly respond to HI-TECH's protest.  HI-TECH seeks, in pertinent part: injunctive relief preventing the County from awarding the contract to Janod ("Count One"); declaratory relief stating that the Project must comply with the Buy American Act, that Janod is disqualified because of its conflict of interest, and that HI-TECH is the lowest responsible and responsive bidder and is entitled to award of the contract ("Count Two"); and damages resulting from the County's violations, including HI-TECH's bid preparation costs, and reasonable attorneys' fees and costs incurred in connection with the Solicitation and HI-TECH's protest because HI-TECH is acting as a private attorney general in this action ("Count Three").

On March 11, 2008, the district judge issued his Order Denying Plaintiff's Motion for Preliminary Injunction and Dissolving the Temporary Restraining Order.  The County awarded

---

[1] HI-TECH filed its First Amended Complaint on March 4, 2008.

the Project to Janod on March 31, 2008 and issued a Notice to Proceed on April 23, 2008.

On March 31, 2008, the County filed its Motion to Dismiss Complaint Filed on February 22, 2008 ("Motion to Dismiss").  Although the Motion to Dismiss was set for hearing on May 12, 2008, the district judge took it under advisement on May 6, 2008 and said that he would decide the motion without a hearing.  The district judge denied the Motion to Dismiss on May 14, 2008.

In the instant Motion, HI-TECH seeks to amend its First Amended Complaint by including additional jurisdictional allegations and new claims for breach of contract, promissory estoppel, damages for civil rights violations pursuant to 42 U.S.C. § 1983, and damages for civil rights violations pursuant to state law.  Further, within its existing claim for injunctive relief, HI-TECH seeks to add a claim that the County should be required to recoup amounts paid out under the allegedly illegal contract.[2]  HI-TECH asserts that it has standing to bring a recoupment claim because it is a state and federal taxpayer and state and federal funds will be used to pay for the Project.

HI-TECH argues that the County and Janod (collectively

---

[2] The First Amended Complaint contained allegations about HI-TECH's taxpayer standing and stated that it sought recoupment to the County of amounts paid on the illegal procurement, but these allegations were not recited in Count One.

4

"Defendants") will not be prejudiced if the Court grants the Motion because of the very recent filing of this action and because the parties have not engaged in any formal discovery. HI-TECH states that it did not bring the instant motion in bad faith or to delay the proceedings.

In its memorandum in opposition, Janod argues that the Court should deny the Motion in part because some of HI-TECH's new claims are futile and some of the new allegations are in bad faith.  Janod argues that HI-TECH "seeks to use this litigation as a means to attack and cause harm to its primary competitor, Janod, rather than to merely protest what it contends was an improper bid solicitation from the County."  [Janod's Mem. in Opp. at 4.]  Janod argues that there is no legal basis for HI-TECH's claim for recoupment of amounts paid under the contract.

Janod argues that the Motion should be denied as to paragraphs 20(c) and (d), 21(a), 24, 25, and 28(a), (b) and (c) of the Proposed Second Amended Complaint because the allegations in these paragraphs either revisit issues which the district judge already addressed in denying HI-TECH's preliminary injunction motion or address HI-TECH's claim for recoupment of monies the County paid for the Project.  Janod argues that these claims are not supported by any legal theory and may even rise to the level of abuse of process or malicious prosecution.

In its memorandum in opposition, the County argues

5

that, even under notice pleading, HI-TECH has not adequately asserted the legal basis for its taxpayer recoupment claim. Further, such a claim is futile because HI-TECH does not meet the requirements for a taxpayer claim under Hawaii law.  In particular, a taxpayer claim must assert that the challenged action will result in a loss of revenue and an increase in the tax burden.  In the present case, however, the action complained of – the award of the Project to Janod – resulted in a lower tax burden.  HI-TECH also cannot establish a taxpayer claim under federal law because no federal funds are being used for the Project.  The Federal Emergency Management Agency ("FEMA") denied the County's request for funding for the Project.

The County also argues that HI-TECH's § 1983 claim is futile because none of HI-TECH's constitutional rights were infringed.  Although HI-TECH alleges that its Fifth and Fourteenth Amendment rights were violated, HI-TECH has not set forth facts to establish such violations.  HI-TECH cannot allege takings or due process claims because it does not have a protectable property interest in its bid on the Project.

Finally, the County argues that HI-TECH cannot maintain a contract claim because it never had a contract with the County. A solicitation for bids is not an offer; it is only a request for offers.  A contract is not formed until a bid is accepted.

In its reply, HI-TECH points out that the County only

opposes the following new claims: 1) recoupment; 2) claims based on federal taxpayer status; 3) § 1983 due process claims; 4) breach of contract.  Janod only objects to HI-TECH's attempt to obtain an injunction preventing the County from paying for work on the Project and an order for recoupment to the County.  HI-TECH argues that its other new claims are not opposed and should be allowed.

First, HI-TECH argues that the issues Janod and the County raised are better suited for a motion to dismiss or a motion for summary judgment.  HI-TECH asserts that it has sufficiently alleged its constitutional claims because the Proposed Second Amended Complaint states the bases of the due process and equal protection violations.  HI-TECH argues that it should be allowed to amend its complaint to more clearly state its claims, particularly in light of the district judge's ruling that the State Procurement Code does not apply to this procurement.

HI-TECH argues that its claim for recoupment to the County is not futile.  HI-TECH asserts that the district judge has the power to order such a remedy to effectuate a declaratory judgment.  HI-TECH argues that the factual allegations in the Proposed Second Amended Complaint provide a basis for its recoupment claim and further facts established by discovery may also support relief.

HI-TECH argues that its federal taxpayer claim is not futile because the County believes federal funding is appropriate and is appealing the denial of funds.  Further, HI-TECH states that newspaper accounts suggest that FEMA funds are being used for a Maui project performed by Janod.  [Reply at 12, Exh. C.] HI-TECH therefore argues that there are material issues of fact regarding the applicability of the Buy American Act.

HI-TECH emphasizes that it asserted claims as a federal and state taxpayer in the First Amended Complaint.  The Proposed Second Amended Complaint merely expands upon those claims.  HI-TECH argues that, under Hawaii law, a disappointed bidder may have standing to sue as a taxpayer, even if it did not have standing to sue on an illegal contract.  Further, the burden of establishing taxpayer standing is not as high where there is fraud.  HI-TECH argues that the County's futility argument is based on case law regarding taxpayer challenges to state or federal statutes, which is inapposite in the instant case involving a taxpayer challenge to the allegedly illegal expenditure of public funds in the public procurement process. HI-TECH pays general excise taxes, which are traceable to the fund used to pay for the Project.  HI-TECH therefore asserts that it has taxpayer standing to challenge an illegal and invalid contract.

HI-TECH also argues that its § 1983 due process claim

is not futile.  HI-TECH argues that it has a property interest because, if Janod is disqualified due to its conflict of interest, Maui County Code § 3.12.070 and § 103.20 of the Solicitation require award of the contract to the lowest responsible bidder.  HI-TECH argues that other courts have found that a "lowest responsible bidder" requirement provides a sufficient property interest to support a due process claim. [Id. at 14 (citing cases).]

Finally, HI-TECH notes that the County did not object to the proposed addition of a promissory estoppel claim and argues that the same facts that form the basis of the promissory estoppel claim form the basis of its implied contract claim.  The County promised in its Solicitation to award the contract to the lowest responsible bidder.  Thus, HI-TECH relied on its reasonable expectation that the County would act fairly and award the contract to HI-TECH.[3]

## DISCUSSION

Once a responsive pleading has been filed, a party must obtain leave of court or the written consent of the opposing party to amend its pleadings.  See Fed. R. Civ. P. 15(a)(1)-(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The determination whether a party

---

[3] HI-TECH also complains that the County's initial disclosures were inadequate.  The instant Motion, however, is not the proper vehicle to raise discovery disputes.

should be allowed to amend a pleading is left to the discretion of the court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted).  If the facts or circumstances a plaintiff relies upon may be the basis of relief, she should be afforded an opportunity to test her claim on the merits.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'"  In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

        Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings.  See Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted).  In the instant case, Defendants argue that many of HI-TECH's proposed claims are futile.  An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).

I.    **Recoupment Claims Based on Federal and State Taxpayer Status**

         In the first claim of the Proposed Second Amended

Complaint HI-TECH alleges, *inter alia*, that as a federal and

state taxpayer, it will suffer irreparable harm if the County

awards, executes, and performs any contract with Janod arising

out of the Solicitation.  HI-TECH seeks an injunction requiring

the County to recoup and recover monies paid under the allegedly

illegal contract.

         The County produced evidence that FEMA denied federal

funding for the Project.  [Exhs. A & B to County's Mem. in Opp.]

HI-TECH attempts to contradict this evidence with a newspaper

article stating that the federal government was providing money

for a Pi'ilani Highway project performed by Janod.  [Exh. C to

Reply.]  At the hearing on the Motion, counsel for the County

clarified that the project referenced in the article was for work

on another portion of the road; the article does not refer to the

Project at issue in this case.  Further, although the County

believes that the Project is eligible for FEMA funding and it has

appealed the denial of funds, under the current state of events,

no federal funds are being used for the Project.  Thus, there is

currently no set of facts that can be proved that would

constitute a valid claim based on federal taxpayer standing.

         As to HI-TECH's claim for recoupment based on its

status as a state taxpayer, the Hawaii Supreme Court has

11

identified two requirements for taxpayer standing: "(1) plaintiff must be a taxpayer who contributes to the particular fund from which the illegal expenditures are allegedly made; and (2) plaintiff must suffer a pecuniary loss [by the increase of the burden of taxation], which, in cases of fraud, are presumed." Mottl v. Miyahira, 95 Haw. 381, 391 n.13, 23 P.3d 716, 726 n.13 (2001) (citation and quotation marks omitted) (alterations in original).  The allegedly illegal award of the contract to Janod did not increase the taxpayers' burden because Janod's bid was less than HI-TECH's bid, and HI-TECH's Proposed Second Amended Complaint does not meet the pleading requirements for fraud. Thus, HI-TECH cannot allege a valid claim based on state taxpayer standing.

The Court finds that HI-TECH's proposed recoupment claims based on federal and state taxpayer standing are futile. HI-TECH's Motion is therefore DENIED WITHOUT PREJUDICE as to the proposed claims for recoupment based on federal and state taxpayer standing.

**II.  Constitutional Claims**

HI-TECH's Proposed Second Amended Complaint includes a claim for damages under 42 U.S.C. § 1983 for violation of its due process and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution ("Count

Five"),[4] and a claim for damages for violation of its due process

and equal protection rights under Article 1, Section 5 of the

Hawaii State Constitution ("Count Six").[5]

**A.   Due Process**

The Hawaii Supreme Court has stated:

> Both the federal and state Due Process
> Clauses include protection from deprivation of
> property without due process of law.  See U.S.
> Const. amend. XIV, § 1; Haw. Const. art. I, § 5.
> These guarantees apply when a constitutionally
> protected property interest is at stake.  See Bd.
> of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct.
> 2701, 33 L.Ed.2d 548 (1972); Sandy Beach Def. Fund
> v. City Council of City & County of Honolulu, 70
> Haw. 361, 376, 773 P.2d 250, 260 (1989).  A
> property interest protected by the due process
> clause "stem[s] from an independent source such as
> state law-rules or understandings that secure
> certain benefits and that support claims of
> entitlement to those benefits."  Roth, 408 U.S. at
> 577, 92 S.Ct. 2701.  A property interest will be
> seen to exist if discretion is limited by the
> procedures in question, that is, whether the
> procedures, if followed, require a particular
> outcome.

Brescia v. N. Shore Ohana, 115 Haw. 477, 500-01, 168 P.3d 929,

952-53 (2007) (some citations and quotation marks omitted)

---

[4] Section 1 of the Fourteenth Amendment to the United States
Constitution provides in relevant part that "[n]o State shall . .
. deprive any person of life, liberty, or property, without due
process of law; nor deny to any person within its jurisdiction
the equal protection of the laws."  The Fifth Amendment also
states that no person shall "be deprived of life, liberty, or
property, without due process of law[.]"

[5] Article I, section 5 of the Hawaii Constitution provides
in relevant part that "[n]o person shall be deprived of life,
liberty or property without due process of law, nor be denied the
equal protection of the laws[.]"

(alteration in original).

The Solicitation provided that: "The award of contract, if it be awarded shall be made within 60 calendar days after the opening of bids, to the lowest responsible bidder whose proposal complies with all the requirements. . . ." [Proposed Second Amended Complaint at ¶ 12 (quoting Solicitation § 103.02, at p. 103-1a).]  Janod and HI-TECH were the only bidders to respond to the Solicitation.  HI-TECH contends that Janod was not a responsible bidder and therefore HI-TECH was "the lowest responsible bidder whose proposal compiles" with the Solicitation's requirements.  HI-TECH argues that, if the County were going to award the contract for the Project according to the procedures set forth in the Solicitation and Maui County Code § 3.12.070,[6] the County was required to award the contract to HI-TECH.  Thus, HI-TECH argues that it had a constitutionally protectable property interest in the award.

This Court finds that HI-TECH has presented a set of facts which, if proven, would arguably support a claim for a violation of its due process rights.  Although the Court has

---

[6] Maui County Code § 3.12.070 provides, in pertinent part:
B. Competitive bidding shall be in accord with the following procedures.
. . . .
4. The finance director shall award the contract to the lowest responsible bidder; provided, that sufficient funds have been made available in the budget for this purpose. . . .

14

doubts about the ultimate merit of these claims and questions the wisdom behind a rule which would create a protectable property interest in virtually every bid on a government contract, these questions are not for the Court to decide at this stage of the litigation.  The parties should address these issues in dispositive motions.  The Court cannot find that HI-TECH's proposed due process claims are futile.  The Court therefore GRANTS HI-TECH's Motion with regard to the due process claims alleged in Count Five and Count Six of the Proposed Second Amended Complaint.

      **B.**   **Equal Protection**

HI-TECH argues that the County violated its equal protection rights because the County intentionally treated HI-TECH differently from Janod without a valid basis for such differential treatment.

The United States Supreme Court has stated that "[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam) (citations and quotation marks omitted) (alteration in original). The Supreme Court has "recognized successful equal protection

15

claims brought by a 'class of one,' where the plaintiff alleges

that she has been intentionally treated differently from others

similarly situated and that there is no rational basis for the

difference in treatment." Id. (citing cases).  When the Olechs

asked the Village to connect their property to the municipal

water supply, the Village required them to grant the Village a

thirty-three-foot easement.  The Olechs argued that this violated

their equal protection rights because the Village only requested

a fifteen-foot easement from other similarly situated property

owners, see id. at 563, and that the Village's demand was

"irrational and wholly arbitrary". Id. at 565.  The Supreme

Court affirmed the Seventh Circuit's decision that the Olechs

sufficiently alleged an equal protection claim.  See id.

> Based on Village of Willowbrook, the Ninth Circuit has
>
> applied the class-of-one theory in the regulatory
> land-use context to forbid government actions that
> are arbitrary, irrational, or malicious.  See
> Squaw Valley [Dev. Co. v. Goldberg], 375 F.3d
> [936,] 944-48 [(9th Cir. 2004)]; see also Valley
> Outdoor, Inc. v. City of Riverside, 446 F.3d 948,
> 955 (9th Cir. 2006) (applying class-of-one theory
> to city's denial of billboard permits).  In Squaw
> Valley, the plaintiffs, who operated a ski resort,
> claimed that two employees working for the state
> water quality authority subjected them to
> selective and over-zealous regulatory oversight.
> 375 F.3d at 938.

Enquist v. Oregon Dep't of Agric., 478 F.3d 985, 993 (9th Cir.

2007), aff'd, 128 S.Ct. 2146 (2008).  In applying Village of

Willowbrook, this district court also noted that "[a] class of

one plaintiff must show that the discriminatory treatment was

'intentionally directed just at him, as opposed . . . to being an

accident or a random act.'"  Kamaole Pointe Dev. LP v. Hokama,

No. CV. 07-00447 DAE-LEK, 2008 WL 2622819, at *20 (D. Haw. July

3, 2008) (quoting Jackson v. Burke, 256 F.3d 93, 96 (2d Cir.

2001)).  The plaintiffs in Kamaole Point, developers that

intended to construct multi-family residential projects,

challenged the assessments imposed on their projects pursuant to

Maui's Residential Workforce Housing Policy.  See id. at *1-*2.

     Hawaii state courts apply the rational basis test to

equal protection claims that do not involve suspect

classifications or the infringement of fundamental rights.  See

Child Support Enforcement Agency v. Doe, 109 Haw. 240, 249, 125

P.3d 461, 470 (2005) (citing Baehr v. Lewin, 74 Haw. 530, 572,

852 P.2d 44, 64 (1993) ("Under the rational basis test, we

inquire as to whether a statute rationally furthers a legitimate

state interest.  Our inquiry seeks only to determine whether any

reasonable justification can be found for the legislative

enactment." (Citations and quotation marks omitted.))).  Hawaii

courts have applied the rational basis test to a wide variety of

equal protection claims.  See, e.g., Hawaii Insurers Council v.

Lingle, 117 Haw. 454, 462, 184 P.3d 769, 777 (App. 2008)

(insurers required to pay assessments into Compliance Resolution

Fund); Silva v. City & County of Honolulu, 115 Haw. 1, 11, 165

17

P.3d 247, 257 (2007) (tort claimants allegedly injured by a county versus tort claimants allegedly injured by the state); <u>Child Support Enforcement Agency v. Doe</u>, 109 Haw. at 242, 125 P.3d at 463 (biological relationship between fathers and their children); <u>KNG Corp. v. Kim</u>, 107 Haw. 73, 82, 110 P.3d 397, 406 (2005) (statute allegedly "discriminates between those renters who can afford rent trust fund deposits and those who cannot").

HI-TECH alleges that the County violated its equal protection rights by arbitrarily giving preferential treatment in the bidding process to Janod.  This Court finds that HI-TECH has presented a set of facts which, if proven, would arguably support a claim for a violation of its equal protection rights.  Again, while the Court has doubts about the ultimate merit of these claims, the Court cannot find that HI-TECH's due proposed equal protection claims are futile.  The Court therefore GRANTS HI-TECH's Motion with regard to the equal protection claims alleged in Count Five and Count Six of the Proposed Second Amended Complaint.

**III.  <u>Contract Claims</u>**

The County argues that HI-TECH's proposed contract claims are futile because HI-TECH never had a contract with the County.  This Court agrees.

A valid contract "requires an offer and acceptance, consideration, and parties who have the capacity and authority to

agree as they do." Amantiad v. Odum, 90 Haw. 152, 162, 977 P.2d 160, 170 (1999) (citation omitted).  The Solicitation was not an offer; it was merely an invitation for offers.  See Essen Mall Props. v. United States, 21 Cl. Ct. 430, 439-40 (1990) ("[C]ase law makes clear that an invitation for bids issued by the government constitutes a solicitation for an offer; the bid invitation is not an offer itself from which plaintiff can create a binding agreement by accepting.  Rather, the bids received constitute offers." (citations omitted)); cf. Elec. Constr. & Maint. Co. v. Maeda Pac. Corp., 764 F.2d 619, 621 (9th Cir. 1985) ("the mere solicitation of bids by a general contractor is not an offer and does not impose any obligations upon the general contractor").  HI-TECH's bid was the offer and the County did not accept it.  HI-TECH's proposed express contract claim is futile because it never had a contract with the County.

HI-TECH also proposes to add an implied contract claim. The Hawaii Supreme Court has stated that:

> An implied contract, in the proper sense, is where the intention of the parties is not expressed, but an agreement in fact, creating an obligation, is implied or presumed from *their acts*, as in the case where a person performs services for another, who accepts the same, the services not being performed under such circumstances as to show that they were intended to be gratuitous, or where a person performs services for another on request.

Kemp v. State of Hawaii Child Support Enforcement Agency, 111 Haw. 367, 391, 141 P.3d 1014, 1038 (2006) (citations omitted)

19

(emphasis in original).  The allegations in HI-TECH's Proposed Second Amended Complaint do not support an implied contract claim.  The Court therefore finds that HI-TECH's proposed implied contract claim is futile.

HI-TECH's Motion is DENIED WITHOUT PREJUDICE as to the contract claims alleged in Count Three of the Proposed Second Amended Complaint.

IV.  **Preliminary Injunction**

Finally, Janod argues that the Court should deny the Motion to the extent that the allegations in the Proposed Second Amended Complaint revisit issues that the district judge addressed in denying HI-TECH's motion for preliminary injunction. The Court's focus in considering the instant Motion is on the claims that HI-TECH seeks to add to the First Amended Complaint. The Proposed Second Amended Complaint includes a claim for injunctive relief, but it is not a new claim.  The Court also notes that injunctive relief is a remedy and not a substantive claim.  The Court emphasizes that this Court's ruling to allow HI-TECH to file a Second Amended Complaint neither supercedes the district judge's prior rulings nor revives any claims or requests that the district judge already rejected.

## CONCLUSION

On the basis of the foregoing, HI-TECH'S Motion for Leave to File Second Amended Complaint, filed May 6, 2008, is

HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is DENIED WITHOUT PREJUDICE as to HI-TECH's proposed claims for recoupment based on federal and state taxpayer standing and as to HI-TECH's proposed contract claims.  The Motion is GRANTED in all other respects.

HI-TECH shall file its Second Amended Complaint, in the form attached to the Motion but excluding the recoupment and contract claims, by no later than **July 25, 2008**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 11, 2008.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**HI-TECH ROCKFALL CONSTRUCTION V. COUNTY OF MAUI, ET AL; CIVIL NO. 08-00081 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**