IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HI-TECH ROCKFALL CONSTRUCTION, INC., an Oregon corporation | ) ) ) | CV. NO. 08-00081 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF MAUI, a Hawaii Municipal Corporation and JANOD, INC., a Foreign Profit Corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT JANOD, INC.'S MOTION TO DISMISS

On September 22, 2008, the Court heard Plaintiff's Motion.  Michael

D. Tom, Esq., John F. Bradach, Sr., Esq.,[1] and Lyle M. Ishida, Esq., appeared at

the hearing on behalf of Plaintiff; Madelyn S. D'Enbeau, Deputy Corporation

Counsel, appeared at the hearing on behalf of Defendant County of Maui; Paul R.

Grable, Esq., appeared at the hearing on behalf of Janod, Inc.  After reviewing

Defendant Janod, Inc.'s ("Janod") motion and the supporting and opposing

memoranda, the Court GRANTS IN PART AND DENIES IN PART Defendant

Janod's motion to dismiss.

_____

[1] Mr. Bradach appeared by telephone.

## BACKGROUND

On October 15, 2006, there was an earthquake which measured 6.7 on the Richter scale and caused extensive damage in the State of Hawaii, including the closure of a portion of the Hana Highway on the island of Maui due to falling rocks.  That same day Governor Linda Lingle issued a proclamation declaring a major disaster for the State of Hawaii, and authorized an emergency disaster fund and suspended the application of several State statutes, including Hawaii's procurement code, Hawaii Revised Statute Chapter 103D.  President Bush declared a major disaster under the Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §§ 5121-5206 (the "Stafford Act").  President Bush authorized federal relief and recovery assistance and stated that the Federal Emergency Management Agency ("FEMA") would coordinate the federal assistance.

Defendant County of Maui (the "County") sent out requests for bids for the Kalepa-Alelele Rockfall Protection, Job. No. 06-66 (the "Project").  This Project was one of several projects designed to make the Hana Highway safe so that it could be reopened.  The Project entails removing loose rock from the hilllside above the Hana Highway and installing ring net systems to control rock and debris from falling onto the road.  The bidding materials for the Project did not include certain provisions of the Buy American Act, 41 U.S.C. § 10a et seq.  The

2

bidding materials stated that the Buy American provisions of the Surface

Transportation Assistance Act did not apply to the Project.

Plaintiff HI-TECH Rockfall Construction, Inc. ("HI-TECH") and

Defendant Janod made bids for the Project.  HI-TECH bid $8,952,850, and Janod

bid $5,600,000.  The difference in the amounts of the bids is mostly due to the fact

that Janod intended to install a temporary ring net system that would be removed

after the Project was complete, whereas HI-TECH's bid included using netting that

would be permanently installed.

Janod previously stated that because it stockpiles ring net systems that

can be reused, it can pass on a substantial cost savings for this Project.  The nets

used by Janod are manufactured in Italy.  Janod stockpiles the ring nets in the

United States for use in emergency situations such as this and its nets are

removable and reusable at other emergency sites.  There is only one company in

the United States that manufactures ring netting.  That netting, however, cannot be

removed and reused, and takes at least four months to manufacture and ship.  That

netting is more costly than the netting used by Janod and remains in place as a

permanent fixture.

The County of Maui and Janod stated that the ring net system for this

Project would not be permanently installed or incorporated as part of the rock

stabilization work.  Janod stated that it is required to remove the nets at the end of the Project.  The County stated that once the scaling of the hillside was complete, the netting would be removed, and the natural rock face of the hillside, which has been modified to protect against future rock falls, will be exposed.

HI-TECH sought a preliminary injunction seeking to prevent the County of Maui from awarding the Project to Janod.  HI-TECH argued that if the ring net system were a temporary measure and not permanent, it made no sense that the County require, as it did, that the system be painted, PVC coated, and use stainless steel rings.  HI-TECH argued that the County mischaracterized the ring net system as temporary as a way to avoid application of the Buy American Act.  If the ring net were permanent, the Buy American Act would apply.  HI-TECH also argued that the Project specifications were written for Janod in particular because everyone knows that only Janod has such nets readily available and because Janod uses Golder & Associates for many of its projects and Golder & Associates had input into the specifications for the Project.

On February 1, 2008, prior to submitting its bid, HI-TECH informed the County of its arguments about the alleged deficiency of the bidding materials and the alleged conflict and favor of Janod.  HI-TECH filed a formal protest of the invitation for bids on February 6, 2008, with the County.  Due to the urgency of

getting the road reopened, the County decided not to delay the bidding process and denied HI-TECH's protest.  HI-TECH filed an appeal of the denial with the State Department of Commerce and Consumer Affairs ("DCCA") on February 27, 2008.

While its appeal was pending with the DCCA, and because HI-TECH believed that the County was about to award the contract to Janod, allegedly in violation of the Buy American Act, HI-TECH filed the instant lawsuit in this Court on February 22, 2008, and simultaneously filed a motion for a temporary restraining order.  A hearing was held on February 26, 2008, during which the County stated that it would award the contract to Janod within the next several days.  Based on the limited record at that time, it appeared that the Buy American Act applied to the bid and that it had not been followed.  The County argued that even if the Buy American Act applied, there was an exception for unreasonable cost and that Janod was the low bidder even after increasing its bid by a certain factor.  Therefore, the County argued, it was appropriate to award the contract to Janod.  Due to the limited time to prepare for the TRO hearing, the County was unable to cite the provisions of the Buy American Act that set forth the percentage increase factor.  This Court, therefore, granted the motion for temporary restraining order, set the hearing for the preliminary injunction motion within ten business days, and set an expedited briefing schedule.

At the preliminary injunction hearing, HI-TECH maintained that the County of Maui was illegally trying to avoid the application of the Buy American Act by listing the ring netting as temporary.  HI-TECH argued that the installation should be listed as permanent and that, because the Project has a substantial portion of its funding from the Stafford Act, the Buy American Act applied.  The County violated the Buy American Act, HI-TECH argued, by soliciting bids and failing to include in the solicitation materials that the Buy American Act applied, and include certain provisions relating to the Buy American Act.  HI-TECH also argued that the solicitation gave Janod an unfair advantage in the bidding process.

On March 11, 2007, this Court issued an order denying HI-TECH's request for a preliminary injunction and dissolved the temporary retraining order. (Doc. # 40.)  This Court found that it had jurisdiction based upon diversity of the parties and the amount in controversy.  This Court also found that HI-TECH was unlikely to succeed on the merits of its Buy American Act claim for the following reasons: (1) no federal monies had yet been obligated or promised; (2) the ring netting appeared to be temporary and not permanent and therefore was not being purchased; (3) HI-TECH had not established that there was no rational basis for the procurement officials' determination that the Buy American Act did not apply; (4) it appeared that the unreasonable cost exception to the Buy American Act would

apply, allowing the award to Janod because after applying even the largest adjustment to Janod's bid, Janod remained the low bidder by over $2,000,000; and (5) HI-TECH had not shown that it was prejudiced by allegedly deficient bidding materials because it had not explained how its bid could have been the low bid had the County of Maui applied and complied with the Buy American Act.  This Court further found that HI-TECH was unlikely to succeed on its claim that there was conflict of interest, or favor shown to, Janod because HI-TECH had failed to cite to a specific statute, regulation, or other law pursuant to which it was making such a claim.

After this Court's denial of the preliminary injunction, HI-TECH filed a motion to stay the administrative proceedings with the DCCA and the County of Maui filed a motion to dismiss the administrative proceedings with the DCCA.  On May 5, 2008, the DCCA granted the County of Maui's motion to dismiss and denied HI-TECH's motion to stay.  The hearings officer found that the Governor's suspension of the application of the procurement code, Hawaii Revised Statute Chapter 103D (the "Procurement Code"), removed HI-TECH's protest from the jurisdiction and authority of the hearings officer.  Because there was no longer an applicable statutory vehicle providing an appeal right to the DCCA, and because the

DCCA is a tribunal of limited jurisdiction, the hearings officer lacked the legal authority to hear the appeal or stay the administrative proceedings.

On March 31, 2008, the County of Maui filed a motion to dismiss. (Doc. # 43.)  The County of Maui argued that the Complaint failed to state a claim for the alleged conflict of interest and favor to Janod, and that the Buy American Act did not apply to the Project, and therefore this Court did not have jurisdiction. This Court denied that motion on May 14, 2008.  This Court held that it had jurisdiction, as it already found that diversity of the parties existed and there was more than $75,000 at issue.  This Court further found that there were factual issues regarding the promise of federal funds and that the County had not made a motion for summary judgment.

HI-TECH then sought leave to file a Second Amended Complaint, which was granted in part on July 11, 2008.  HI-TECH filed its Second Amended Complaint on July 25, 2008.  In its Second Amended Complaint HI-TECH seeks: 1) injunctive relief to prevent the County from awarding or executing any contract with Janod for the Project ("First Claim"); 2) a declaratory judgment (and ancillary relief) that, *inter alia,* the Project is required to comply with the Buy American Act and that Janod may not bid on this Project because of its alleged conflict of interest; and that HI-TECH, as the only remaining responsible bidder, should be awarded

8

contract ("Second Claim"); 3) Promissory Estoppel ("Third Claim"); 4) Civil

Rights claim under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. §

1983 ("Fourth Claim"); 5) State civil rights claim ("Fifth Claim") and 6) private

attorney general attorneys' fees ("Sixth Claim").

Janod filed the instant motion to dismiss on August 14, 2008.  (Doc.

# 92.)  Both HI-TECH and the County of Maui filed oppositions on September 4,

2008.  Janod filed a reply on September 11, 2008.

## STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")

12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim

upon which relief can be granted.  Review is limited to the contents of the

complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir.

1994).  Allegations of fact in the complaint must be taken as true and construed in

the light most favorable to the plaintiff.  See Livid Holdings Ltd. v. Salomon Smith

Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).  A complaint need not include

detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v.

Twombly, 127 S. Ct. 1955, 1965 (2007).   In providing grounds for relief, however,

a plaintiff must do more than recite the formulaic elements of a cause of action.  See

id. at 1966.  A plaintiff must include enough facts to raise a reasonable expectation

that discovery will reveal evidence.  In other words, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face.  See id. at 1974. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

Janod seeks dismissal of all claims against it, arguing that the causes of action seek nothing from Janod directly.  The County of Maui opposes the instant motion asserting that Janod cannot be dismissed entirely from this lawsuit because the Second Claim seeks declaratory judgment and Janod is an indispensable party to that claim.  HI-TECH likewise argues that Janod is a necessary party.  HI-TECH also opposes the motion asserting that the County of Maui, its consultants, and Janod were inextricably intertwined in the preparation and scope of work for the Project and that the County of Maui should have rejected Janod's bid based on an inherent conflict of interest.

I.   Timeliness

HI-TECH asserts that this Court should not consider Janod's motion because it was not filed in a timely fashion.

10

Federal Rule of Civil Procedure 15 provides that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3).

HI-TECH filed its Second Amended Complaint on July 25, 2008, and a certificate of service claiming that the complaint was served on Janod that day via electronic service. Janod does not dispute that it was served on July 25, 2008. Indeed, Janod did not address this argument in its reply brief. The County of Maui filed an answer on July 31, 2008. Defendant Janod did not file an answer. Although Janod filed this instant motion to dismiss, it did not file it until August 14, 2008, which is well after the 10-day deadline.

Although the instant motion was not timely filed, this Court will consider the arguments in the motion because many of them are not disputed, and the deadline for filing dispositive motions has not passed.

II.    <u>Necessary Party</u>

Janod asserts that the Second Claim should be dismissed because the declaration sought goes to the issues of what the County of Maui can and cannot do with respect to the solicitation and contract for the Project, and there is no controversy between Janod and HI-TECH.

Both the County of Maui and HI-TECH assert that Janod cannot be dismissed as a party from this lawsuit because it is a necessary party as to the Second Claim, which seeks declaratory judgment that the Project is required to comply with the Buy American Act and that Janod may not bid on this Project because of its alleged conflict of interest, and that HI-TECH, as only remaining responsible bidder, should be awarded contract.  The Second Claim also seeks ancillary relief in the form of an award of bid preparation costs, expected profits, attorneys' fees and costs, and an order to stop the County of Maui's contract with Janod.

Rule 19 of the Federal Rules of Civil Procedure provides that

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:  (i) as a practical matter impair or impede  the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

In the usual circumstances, a court looks to Rule 19 to determine if an absent party is necessary to a lawsuit.  Here, however, this Court is considering

whether Janod should remain as a party despite the fact that there are no causes of action directly against Janod.  The Ninth Circuit has held that even where a plaintiff has no direct claims against a party, joinder may be proper under Rule 19(b) of the Federal Rules of Civil Procedure for the sole purpose of making it possible to accord complete relief between those who are already parties.  EEOC v. Peabody W. Coal Co., 400 F.3d 774, 781-83 (9th Cir. 2005).

In Peabody W. Coal Co., the Ninth Circuit held that lack of a direct grievance against the Navajo Nation did not prevent them from being joined as a necessary party in a discrimination action against one of the their lessees, a mining company.  Id.  Despite the fact that no claims were asserted against the Navajo Nation, the court held that the relief requested in the lawsuit required joinder of the Navajo Nation as it sought to strike provisions of a lease between the Nation and the mining company.  See id. at 783.

To determine whether Janod is a necessary party, the Court "must determine whether the absent party has a legally protected interest in the suit."  Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990). "If a legally protected interest exists, the court must further determine whether that interest will be impaired or impeded by the suit. . . . The court must also determine whether risk

of inconsistent rulings will affect the parties present in the suit. " Id. at 558-59.

This is a fact-specific inquiry. Id. at 558.

> [A]n interest that "arises from terms in bargained contracts" may be protected, but . . . such an interest [must] be "substantial." An interest in a fixed fund or limited resource that the court is asked to allocate may also be protected. At the same time, an absent party has no legally protected interest at stake in a suit merely to enforce compliance with administrative procedures.

Cachil Dehe Band of Wintun Indians of Colusa Indian Community v. California, --

F.3d --, No. 06-16145, 2008 WL 3169486, at *__[2] (9th Cir. Aug. 8, 2008) (citations

omitted).

Here, a lucrative contract has been awarded by the County of Maui to

Janod. HI-TECH seeks to have that contract set aside and requests that this Court

preclude the County from awarding the contract to any bidder other than HI-TECH.

HI-TECH also seeks a declaration that Janod is not a responsible bidder and is

disqualified from bidding on the Project or entering into a contract with the County.

At the hearing, the parties informed this Court that the Project is almost complete.

HI-TECH therefore seeks an order that the County should have worked with HI-

TECH and the County should pay HI-TECH. Janod concedes that the declaratory

relief sought by HI-TECH affects Janod's rights and responsibilities. The County

---

[2]Page cites were not available.

14

of Maui avers that if Janod is dismissed, it would not be bound by any rulings of this Court and could seek damages against the County of Maui.

In its reply brief, Janod does not deny that it has an interest in the award of the contract, nor does Janod assert that the County of Maui would not be subject to inconsistent obligations.  Instead, Janod argues only that HI-TECH cannot prove that Janod's contract with the County of Maui was illegal because the State's Procurement Code was set aside, and therefore, the County was free to contract with a sole source contractor.  This argument, however, was not made in the motion to dismiss and the other parties have not had an opportunity to respond completely.  Local Rule 7.4 provides that "[a]ny arguments raised for the first time in the reply shall be disregarded."  Accordingly, this Court disregards the argument.

Thus, this Court concludes that despite the fact that HI-TECH is not seeking relief directly from Janod, Janod is a necessary party for part of the Second Claim under Rule 19(a)(1)(B) because its interest in the award of the contract that is the subject of this action could be impaired or impeded in its absence and its absence could subject the County of Maui to inconsistent or double obligations.  Therefore, this Court DENIES Janod's motion to dismiss the Second Claim.

HI-TECH concedes that all claims other than the Second Claim do not state a claim against Janod and HI-TECH has not argued that Janod is a necessary

party to those claims.[3]  Accordingly, this Court GRANTS Janod's motion to dismiss the First, Third, Fourth, Fifth, and Sixth Claims against it.  Likewise, because the only portion of the ancillary relief sought in the Second Claim against Janod is with respect to an order that the County of Maui stop its contract with Janod, this Court GRANTS Janod's motion and dismiss the portion of the Second Claim to the extent it sought ancillary relief from Janod for bid preparation costs, expected profits, and attorneys' fees and costs.

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Defendant Janod's Motion to Dismiss.  The motion is GRANTED with respect to the First, Third, Fourth, Fifth, and Sixth Claims for relief, and the portion of the Second Claim to the extent it sought ancillary relief

---

[3] At the hearing, HI-TECH stated that Count 1 for a preliminary injunction was still viable.  However, Janod informed this Court that the Project would be completed in approximately one week.  Accordingly, Count 1 to the extent it sought an injunction that affected Janod is moot.

from Janod for bid preparation costs, expected profits, and attorneys' fees and costs.

The motion is DENIED with respect to the remaining portions of the Second Claim.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 24, 2008.



_____
David Alan Ezra
United States District Judge

HI-TECH Rockfall Construction v. County of Maui, et al., CV No. 08-00081 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JANOD, INC.'S MOTION TO DISMISS