IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HI-TECH ROCKFALL CONSTRUCTION, INC., an Oregon corporation, | ) ) ) ) | CV 08-00081 DAE-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| COUNTY OF MAUI, a Hawaii Municipal corporation and JANOD, INC., a Foreign Property Corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER FILED ON JUNE 20, 2008**

Before the Court are Plaintiff Hi-Tech Rockfall Construction, Incorporated's ("Hi-Tech") Motion for Leave to File Third Amended Complaint ("Rule 15 Motion"), filed September 26, 2008, and Motion to Amend Scheduling Order Filed on June 20, 2008 ("Rule 16 Motion"), filed September 23, 2008.  Defendant County of Maui ("the County") filed a memorandum in opposition to each motion on October 10, 2008, and Defendant Janod, Inc. ("Janod") also filed a memorandum in opposition to each motion on October 10, 2008.  Hi-Tech filed a reply for each motion on October 17, 2008.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  The Court therefore

VACATES the hearing on the motions, currently set for October 29, 2008, at 3:30 p.m.  After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, Hi-Tech's Rule 15 Motion is HEREBY GRANTED and Hi-Tech's Rule 16 Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case.  This Court will therefore only discuss those events that are relevant to the instant motions.

Hi-Tech filed its original Complaint on February 22, 2008 against the County and Janod (collectively "Defendants").  Hi-Tech filed its First Amended Complaint on March 4, 2008, before either the County or Janod answered the Complaint.  On May 6, 2008, Hi-Tech filed a Motion for Leave to File Seconded Amended Complaint.  In a July 25, 2008 order, this Court granted that motion in part and denied it in part.  This Court denied the motion with regard to Hi-Tech's proposed recoupment claims based on federal and state taxpayer status and with regard to its proposed contract claims.  This Court granted the motion with regard to Hi-Tech's proposed promissory estoppel and civil rights claims.

Hi-Tech filed its Second Amended Complaint on July 25,

2008.  The Second Amended Complaint included the following claims: injunctive relief ("First Claim"); declaratory judgment and ancillary relief ("Second Claim"); promissory estoppel ("Third Claim"); 42 U.S.C. § 1983 civil rights damages ("Fourth Claim"); state civil rights damages ("Fifth Claim"); and private attorney general attorney's fees ("Sixth Claim").  The County filed its answer on July 31, 2008.

On August 14, 2008, Janod filed a motion to dismiss the Second Amended Complaint with prejudice.  In a September 24, 2008 order, the district judge granted Janod's motion to dismiss in part and denied it in part.  The district judge granted Janod's motion with regard to the First, Third, Fourth, Fifth, and Sixth Claims.  The district judge also granted the motion as to the portion of the Second Claim seeking ancillary relief from Janod for bid preparation costs, expected profits, attorney's fees and costs.  The district judge denied the motion as to the remainder of the Second Claim, concluding that, although Hi-Tech was not seeking relief directly from Janod, Janod was a necessary party for part of the Second Claim.

## I.    Rule 15 Motion to Amend Complaint

In the instant Rule 15 Motion, Hi-Tech seeks to amend its Second Amended Complaint to address discovery conducted to date and the district judge's September 24, 2008 order.  The changes in the Proposed Third Amended Complaint are:

>   (1) to reflect the County's fraudulent misrepresentation of a fair sealed competitive bid process to be awarded to the lowest responsible bidder, (2) to assert the County's bad faith in failing to address HI-TECH's requests for clarification and protests, and awarding the contract to Janod, (3) to assert Janod's conspiracy with the County in this unfair process, (4) to seek equitable relief to avoid Janod's unjust enrichment by having been allowed to bid and obtain award and profit under what is an illegal contract, (5) to allege unabsorbed overhead as part of plaintiff's damages, (6) to allege plaintiff's right to prejudgment interest, and (7), finally, to claim attorneys fees for the County's bad faith . . .

[Mem. in Supp. of Rule 15 Motion at 8.]

Hi-Tech argues that Defendants will not be prejudiced if the Court grants the Rule 15 Motion, because: this action was only filed in February 2008; the parties have not completed their documentary discovery; and the parties have yet to take any depositions.  Even assuming, *arguendo*, that there is some prejudice, it would not rise to the level of undue prejudice

sufficient to warrant denial of leave to amend.  Hi-Tech also argues that it has not been dilatory in litigating this case and has not acted in bad faith.  Hi-Tech argues that the discovery documents it obtained during discovery have established the extent of Janod's consultations with the County before and after the issuance of the Solicitation.  Hi-Tech argues that this discovery supports the new claims in the Proposed Third Amended Complaint.

The County opposes the Rule 15 Motion on the grounds that the proposed amendments are futile and allowing Hi-Tech to amend its complaint would be prejudicial.  Janod argues that this Court should deny the Rule 15 Motion because: the Court has already rejected similar claims; Hi-Tech's proposed claims are futile; the proposed claims are untimely and will prejudice Defendants; and the allegations appear to be made in bad faith.

## II. Rule 16 Motion to Amend Scheduling Order

In its Rule 16 Motion, Hi-Tech seeks a three-month extension of the deadline to join additional parties or amend pleadings.  Hi-Tech argues that it has been diligent in pursuing this action and this is its first request for an extension to the deadline to amend pleadings.  Hi-Tech states that it is bringing the instant Motion in good faith and not to delay.  Hi-Tech notes that the trial date is still seven months aw5xay, the discovery deadline is five months away, and the dispositive motions

deadline has not passed.

Hi-Tech asserts that the discovery conducted to date has proven that Janod had an improper advantage with regard to the Project. Hi-Tech argues that it should be allowed additional time to amend its pleadings based on further discovery. For example, Hi-Tech notes that third-party deponent, Sato & Associates, Inc., the County's consultant, has not complied with the subpoena that Hi-Tech served upon it.

Hi-Tech argues that the extension will not impair any party's ability to meet the other case deadlines. Hi-Tech therefore argues that there is good cause to amend the Rule 16 Scheduling Order.

The County opposes the Rule 16 Motion, arguing that Hi-Tech has already amended its complaint twice and the Rule 15 Motion seeks a third amendment. Hi-Tech should have included any new claims when it sought leave to file the Second Amended Complaint. Hi-Tech obtained thousands of pages of documents from third parties, including the State of Hawaii and various County consultants. Hi-Tech used these to support its previous amendments and should not be allowed additional time. Thus, the County argues that Hi-Tech has not been diligent and has not shown good cause to amend the Rule 16 Scheduling Order. Janod also opposes the Rule 16 Motion on similar grounds.

## DISCUSSION

### I. Amending the Complaint

Hi-Tech filed the Rule 15 Motion prior to the deadline to add parties and amend pleadings. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). If the facts or circumstances a plaintiff relies upon may be the basis of relief, it should be afforded an opportunity to test its claim on the merits. See Foman v. Davis, 371 U.S. 178, 182 (1962). In determining whether to grant leave to amend, courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings. See Foman, 371 U.S. at 182; In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (citation omitted). Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive factor. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). The party opposing the motion for leave to amend bears the burden of establishing prejudice. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing Beeck v. Aqua-slide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977)). The Court finds that the parties will still be able to comply with the existing trial deadlines if

the Court grants the Rule 15 Motion. The Court finds that Defendants have not established undue prejudice sufficient to justify denying Hi-Tech leave to amend.

Defendants' primary argument is that the new claims in the Proposed Third Amended Complaint are futile. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). This Court cannot find that Hi-Tech's proposed claims are completely futile. The arguments that Defendants have raised with regard to the merits of the proposed claims are more appropriate for dispositive motions. Hi-Tech's Rule 15 Motion is therefore GRANTED.

## II. **Amending the Scheduling Order**

In the Rule 16 Motion, Hi-Tech seeks to amend the scheduling order to extend the deadline to add parties and amend pleadings by three months. Hi-Tech argues that the extension is necessary because it may be able to identify additional parities and/or additional claims through further discovery.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The

good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Hi-Tech has already filed two motions for leave to amend and the amendments have been substantial. This Court finds that Hi-Tech has had ample opportunity to amend its complaint. The Court also finds that there is no evidence to support an extension of the deadline to add parties and amend pleadings. Thus, the Court finds that Hi-Tech has not established good cause to amend the Court's scheduling order. Hi-Tech's Rule 16 Motion is therefore DENIED.

## CONCLUSION

On the basis of the foregoing, Hi-Tech's Motion for Leave to File Third Amended Complaint, filed on September 26, 2008, is HEREBY GRANTED, and Hi-Tech's Motion to Amend Scheduling Order Filed on June 20, 2008, filed September 20, 2008, is HEREBY DENIED. Hi-Tech shall file its Third Amended Complaint, in the form attached to the Rule 15 Motion, by no later than **November 7, 2008**.

     IT IS SO ORDERED.

     DATED HONOLULU, HAWAII, October 24, 2008.



                       /S/ Leslie E. Kobayashi

                       Leslie E. Kobayashi
                       United States Magistrate Judge

**HI-TECH ROCKFALL CONSTRUCTION INC. V. COUNTY OF MAUI, ET AL.; CIVIL NO 08-00081 DAE-LEK; ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER FILED JUNE 20, 2008**