IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HI-TECH ROCKFALL CONSTRUCTION, INC., an Oregon corporation, | ) ) ) ) | CV 08-00081 DAE-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| COUNTY OF MAUI, a Hawaii Municipal corporation and JANOD, INC., a Foreign Property Corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER REGARDING DISTRICT JUDGE DAVID ALAN EZRA'S
ORDER AFFIRMING IN PART AND VACATING IN PART
MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL 30(b)(6) DEPOSITION TESTIMONY AND FOR SANCTIONS
AND ORDER REGARDING LOCAL RULE 37.1(C) DISCOVERY DISPUTE**

On July 6, 2009, the district judge affirmed in part and vacated in part this Court's Order Denying Plaintiff's Motion to Compel 30(b)(6) Deposition Testimony and For Sanctions and Order Regarding Local Rule 37.1(c) Discovery Dispute ("Order"). This Court's ruling with regards to the bid documents was vacated and remanded for further proceedings. Specifically, this Court was instructed "to establish whether (1) Hi-Tech originally moved with respect to the bid documents specifically; and if so, (2) what her determination is with respect to the bid documents and her reasons therefor." [Order Affirming in Part and Vacating in

Part Magistrate Judge's Order Denying Plaintiff's Motion to Compel 30(b)(6) Deposition Testimony and For Sanctions and Order Regarding local Rule 37.1(c) Discovery Dispute, filed July 6, 2009 ("July 6 Order"), at 18.]

## **DISCUSSION**

On March 23, 2009, Plaintiff Hi-Tech Rockfall Construction, Inc. ("Hi-Tech") filed its Motion to Compel. Hi-Tech had previously submitted pursuant to LR37.1, and had included as an exhibit to the Motion to Compel, a discovery letter brief dated March 13, 2009 ("03/13/09 Discovery Letter"). [Hi-Tech's Motion to Compel 30(b)(6) Deposition Testimony and For Sanctions, filed March 23, 2009, Exh. E.]

In the 03/13/09 Discovery Letter, Hi-Tech sought to compel certain discovery. Specifically, Hi-Tech complained that it did not receive information from Defendant Janod, Inc. ("Janod") in response to Hi-Tech's discovery requests. Hi-Tech argued that, in order to prove its damages claim, it needs specific information from Janod regarding "the profits it enjoyed as a result of being awarded the contract for the project." [Id., Exh. E at 4.] Hi-Tech further submitted that Janod's financial information is relevant to Hi-Tech's claim for "a resulting or constructive trust and equitable lien against Janod." [Id., Exh. E at 5.] Specific reference to bid documents is absent from the 03/13/09 Discovery Letter. In its demand for Janod's financial information, Hi-Tech pointed to the following discovery requests

in its First and Second Request for Production of Documents to Janod which were dated September 11, 2009 and January 5, 2009, respectively:

> 9. All documents relating to any billing or payments for services or expenses for any technical investigation, consulting services, design or transportation of Janod or any consultants or subconsultants to the County or its consultants or subconsultants, relating to the Kalepa-Alelele project area or the Procurement.
>
> 11. All documents relating to the Procurement, the Kalepa-Alelele project area . . . generated by or kept by Janod, its employees or representatives.
>
> 12. All documents relating to any budgets or estimates of costs or expenses in connection with the Kalepa-Alelele project area or the Procurement, including tables, spreadsheets, summaries or compilations.
>
> 14. All documents of any costs or expenses actually incurred or anticipated to be incurred in connection with the Procurement or the Kalepa-Alelele project area, including all purchase orders, invoices, fees or charges.
>
> 15. All documents relating to all payments made for work done by any person or entity relating to the Kalepa-Alelele project area or the Procurement (including copies of all checks), including all preparatory and investigation work and the performance of the work relating to the Procurement, including but not limited to any tables, spreadsheets, summaries or

    compilations.

17. All documents relating to all payments received relating to the Kalepa-Alelele project area, including all reimbursements, funding or refunds received (including copies of all checks).

[Id., Exh. E at 1-3].  Hi-Tech also sought responses to the following interrogatories from its first Request for Answers to Interrogatories to Janod which were dated January 5, 2009:

2. Please Identify (sic) all categories of costs and the amounts incurred by Janod for each category of costs in performing its work for the Project.

3. **Please state the amount of profit earned by Janod on the Project.** (Emphasis added)(sic)

13. Is there a balance due owing to Janod for its work on the Project? If so, how much is owed and please state all reasons why all payments have not been made?

[Id. at 2; emphasis in original.]

  This Court therefore concludes that Hi-Tech did not originally move with respect to the bid documents specifically in the discovery letter brief.

  Hi-Tech, in its Motion to Compel, did move to compel answers to questions related to project-specific profitability, total costs, labor costs, and overhead such as Janod's budget in bidding as well as the profits earned on the Kalepa/Alelele project.  [Mem. in Supp. of Motion at 14-15.]  Specifically, Hi-

Tech argued: "Given the Protective Order in place, the relevance of this information to issues of this lawsuit, and the refusal of Janod to provide this information, Janod must be compelled to answer these questions (and provide the documents requested - pursuant to Plaintiff's pending production of documents request, the subject of the Letter Brief, dated March 13, 2009)." [Id., at 16.]  Hi-Tech admitted that, seeking these documents, was "an expansion of the issue initially raised in Plaintiff's March 13, 2009 letter brief . . . ."  [Id. at 18.]

To the extent that Janod's bidding information was used to calculate the profit made on the Kalepa/Alelele project, then this Court addressed this issue by ordering Janod "to prepare a declaration, with supporting documents, describing how Janod determined its profit on the Project."  [Order at 16.]  The profit information is relevant to the claims made since Hi-Tech is seeking disgorgement of profits earned on the Kalepa/Alelele Project but the information is also highly-sensitive business information and therefore this Court ordered Janod to provide this information (as well as supporting documents) under seal because the protective order in this action is not sufficient. [Id. at 15.]  Janod's bidding information, such as pricing, budgets, costs, equipment and the like are trade secrets or other confidential commercial information.  See Fed. R. Civ. P. 26(c), 26(c)(7)("[T]hat a trade secret or other confidential research, development, or commercial information not be revealed or be

revealed only in a designated way . . ."). Janod was ordered to prepare and file the declaration under seal, and the information is to be unsealed and released to Hi-Tech only when the district judge deems it appropriate to do so.[1]

This Court also concludes that Hi-Tech did <u>not</u> originally move with respect to the bid documents in the Motion to Compel, except as to the project-specific financial information discussed above. To the extent that Hi-Tech complained at the hearing that Janod received and used non-public information in its bid, this Court has already set forth a process for further discovery regarding the communications between Janod and the County between January 25 to February 8, 2008, and other site visits by Janod employees. [Order at 14.]

## **CONCLUSION**

For the foregoing reasons, this Court hereby CLARIFIES its prior order and FINDS that Hi-Tech did not originally move with respect to the bid documents in its discovery letter brief, and did so in the motion to compel but only as to project-specific financial information which this Court has ordered to be prepared and filed under seal.

---

[1] For instance, if and when Hi-Tech should prevail on its claim for constructive or resulting trust, the district judge may deem it appropriate to unseal the declaration because the information contained therein can be used in the damages phase of the proceeding.

DATED AT HONOLULU, HAWAII, August 25, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

HI-TECH ROCKFALL V. COUNTY OF MAUI, ET AL; CIVIL NO. 08-00081 DAE-LEK; ORDER REGARDING DISTRICT JUDGE DAVID ALAN EZRA'S ORDER AFFIRMING IN PART AND VACATING IN PART MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO COMPEL 30(b)(6) DEPOSITION TESTIMONY AND FOR SANCTIONS AND ORDER REGARDING LOCAL RULE 37.1(C) DISCOVERY DISPUTE